UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WICKED GRIPS LLC,<br>    Plaintiff,<br>v.<br><br>HENRY BADAAN, CANDER<br>TRADE LLC, and BIG CAT<br>GEAR LLC,<br>    Defendants.<br>_____/ | Case No.: 20-12773<br><br>Judith E. Levy<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 11)**

Plaintiff, Wicked Grips LLC, filed a copyright infringement complaint against Henry Badaan, Cander Trade LLC, and Big Cat Gear LLC, on October 13, 2020. (ECF No. 1, PageID.2). The defendants filed a motion to dismiss for lack of personal jurisdiction, alternatively to transfer venue, and for failure to state a claim on which relief can be granted. (ECF No. 11). They also filed a request for judicial notice of copies of pages from Plaintiff's website, wickedgrips.com. (ECF No. 12). Plaintiff filed a response (ECF No. 15), and defendants replied (ECF No. 17). The undersigned held a hearing on the matter on June 9, 2021. At the hearing, the parties were ordered to file supplemental briefing on new arguments raised by Defendants that were not made in the initial briefing. The parties timely filed the supplemental briefs. (ECF Nos. 21, 22).

For the reasons explained below, the undersigned recommends this matter be dismissed without prejudice for lack of personal jurisdiction over the defendants.

## I. BACKGROUND - COMPLAINT ALLEGATIONS

Plaintiff, Wicked Grips, LLC, is a Michigan limited liability company. Defendant Henry Badaan has his principal residence in Tampa, Florida. According to Plaintiff, both Cander Trade, LLC, and Big Cat Gear, LLC, have their principal places of business in Florida. Badaan is the resident agent and sole owner of Cander Trade and is the resident agent and one of the owners of Big Cat Gear.

Plaintiff alleges it is a designer and manufacturer of handgun grips. It maintains a website on which it posts photographs of their grips for sale. Plaintiff copyrighted the designs and registered the copyright for those designs with the United States Copyright Office on January 26, 2018. Plaintiff alleges Defendants took the images of Plaintiff's grips and created exact likenesses of the images onto their own handgun grips, without Plaintiff's consent. Defendants sell the allegedly infringing grips on their own websites, as well as eBay and Amazon.com. Plaintiff sent a cease and desist letter to Defendants on March 24, 2020. Nevertheless, Defendants continued to sell the infringing grips online.

Plaintiff brought this lawsuit for violation of 17 U.S.C. § 106 of the Copyright Act and for unjust enrichment.

## II. ANALYSIS AND RECOMMENDATIONS

Pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of establishing that the exercise of jurisdiction over the defendant is proper. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002). Where, as here, there has been no evidentiary hearing regarding personal jurisdiction, a plaintiff "need only make a *prima facie* showing of jurisdiction[,]" *id.* (citation omitted), but must articulate specific facts to show that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The court must then consider all of the facts presented in the pleadings and affidavits in a light most favorable to the plaintiff, and does not weigh any contrary assertions offered by the defendant. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005). In the view of the undersigned, it is appropriate in this case to decide defendants' motion on the written submissions alone.

There are two types of personal jurisdiction: general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Plaintiff does not argue the Court has general personal jurisdiction over the defendants, so the Court will only address specific personal jurisdiction.

The district court can exercise personal jurisdiction over a defendant if the forum state's long-arm statute reaches the controversy and the exercise of personal

3

jurisdiction comports with constitutional due process. *Miller v. AXA Winterthur Ins.*, 694 F.3d 675, 679 (6th Cir. 2012). In Michigan, these analyses often merge, because Michigan's long-arm statute "extend[s] to the outermost boundaries permitted by the due process clause." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1216 (6th Cir. 1989).

Michigan's limited or specific jurisdiction long-arm statutes for individuals (M.C.L. § 600.705) and for corporate entities (M.C.L. § 600.715) describe a number of relationships, the existence of which constitutes a sufficient basis for jurisdiction. Plaintiff limits its argument to the first two relationships, which are identical in the individual and corporate entity statutes:

> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

Due process requires the following in order for a court to exercise limited personal jurisdiction over a nonresident defendant: (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence to occur there; (2) the cause of action must arise from the defendant's activities there; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *So. Machine Co. v. Mohasco Industries,*

4

*Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). In order to comply with due process, "out-of-state defendants" must "have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing v. Chandrasekhar*, 988 F.3d 889, 905 (6th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The undersigned will address due process concerns first. If the exercise of jurisdiction over the defendants does not comport with due process, a consideration of Michigan's long-arm statutes is unnecessary.

The following facts derive from Plaintiff's complaint and the affidavits attached to both Defendants' and Plaintiff's briefing. Plaintiff alleged Defendant Henry Badaan's principal place of residence is Tampa, Florida. Defendants Cander Trade, LLC, and Big Cat Gear, LLC, are organized under the laws of the state of Florida with their principal places of business located in Tampa, Florida. Henry Badaan is alleged to be the resident agent and sole owner of Cander Trade and a resident agent and one of the owners of Big Cat Gear. (ECF No. 1, PageID.2m at ¶¶ 3-6). Plaintiff continues that this Court has personal jurisdiction over the defendants because "Defendants have not only infringed Plaintiff's copyright on multiple occasions and caused damage to Plaintiff in this district, but also advertised the copyright infringing goods on eBay and Amazon.com and many other websites, and does business and has repeatedly sold and shipped goods

5

infringing Plaintiff's copyright into the state of Michigan and this District." (*Id.* at PageID.3 at ¶ 8).

Plaintiff attached an affidavit from Ed Strange, a member of Wicked Grips, LLC. Mr. Strange averred, "Plaintiff knows that Defendant has shipped at least three separate shipments of the infringing items to customers in Michigan via purchase from eBay and Amazon, and upon information and belief has likely shipped others." (ECF No. 15-1, PageID.239, at ¶ 12). Mr. Strange further stated, "Defendant Henry Badaan is also infringing upon a rail cover design created by Plaintiff in concert with Alumagrips, and Henry Badaan via email personally contacted Alumagrips to order a copy and is now selling an exact duplicate of the design." (*Id.* at PageID.240, at ¶ 13). The rail cover claim is not part of this lawsuit.

In Badaan's affidavit, he averred he principally resides in Tampa, Florida; he does not have substantial, ongoing contacts personally with the state of Michigan; he has never purposefully directed substantial activities towards Michigan residents; any contacts with Michigan are minimal; and "[a]ny alleged conduct or activities complained of were conducted in my corporate capacity as Chief Executive Officer and/or Managing Member of Cander Trade and/or in my capacity as Managing Member of Big Cat Gear and are not attributable to me individually." (ECF No. 11-1, PageID.115-16). Badaan also executed an affidavit

6

on behalf of the corporate defendants. Therein, he averred both companies were incorporated in Florida and have their principal place of business in St. Pete Beach, Florida. The corporate entities have not ever been registered or authorized to do business in Michigan, they have not maintained an office or place of business in Michigan, and they do not derive substantial benefit from goods used or services rendered in Michigan. Badaan continues that the "majority of orders sold by Defendants are to consumers outside Michigan," they have never specifically directed advertisements or sales of goods or services to consumers in Michigan, and they do not have any employees located in Michigan. (*Id.* at PageID.119-21).

In addition to the sworn affidavits, Plaintiff attached screenshots of websites as evidence of purposeful availment. One of the provided screenshots was taken from eBay.com. According to Plaintiff, eBay automatically inputs the potential buyer's zip code to calculate shipping; in this instance, whoever viewed the page for Plaintiff was in Michigan, and it is their zip code that is displayed. Plaintiff maintains this zip code feature demonstrates defendants' have no restriction on shipping to Michigan. (*Id.* at PageID.228-29). Additionally, Plaintiff provided a screenshot purportedly from one of Defendants' websites. On this particular page, "Dealers/Distributors," the website states the company's business philosophy is a commitment to increasing revenue "by creating a true partnership with our gun and shooting range dealers across North America." (ECF No. 15-2, PageID.249).

"North America" includes Michigan. (ECF No. 15, PageID.229). The undersigned notes, however, there is no complaint allegation or affidavit averment stating either of the defendants has a gun or shooting range dealer-partner in Michigan.

There is a particular inquiry involved regarding "purposeful availment" in the context of internet transactions. The seminal case is *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* In *Zippo*, a Western District of Pennsylvania court concluded that purposeful availment in this context should be evaluated based on a "sliding scale" of interactivity; the more interactive the website and the more the defendant directs the activities of the website toward the forum state, the more likely it is that the defendant has purposefully availed itself of doing business in the relevant forum. 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). In adopting the reasoning of *Zippo*, the Sixth Circuit stated the rule that a "defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with the residents of the state." *Neogen*, 282 F.3d at 890.

Plaintiff argues the three defendants have purposefully availed themselves of the privilege of acting in Michigan "through their interactive websites sufficiently to enter into contracts with residents of Michigan for the sale of goods, . . . which reveals that they have specifically intended interaction with residents of

Michigan." (ECF No. 15, PageID.228). Plaintiff continues that defendants' websites, including the sale of their goods on eBay and Amazon, are all accessible to Michigan residents, and Michigan residents have purchased their goods through those websites.

However, simply maintaining a website that performs a commercial function available to residents of the forum state is not purposeful availment. Both the Sixth Circuit and the lower courts appear to agree "that more than mere accessibility from the forum is required to establish the type of 'deliberate' conduct that constitutes purposeful availment." *Cap. Confirmation, Inc. v. Auditconfirmations, LLC*, WL 2823613, at *6 (M.D. Tenn. Aug. 28, 2009); *see, e.g.*, *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002) (purposeful availment established where defendant maintained website *and* evidence showed defendant regularly chose to do business with residents of the forum state, having already accepted business from approximately 4,666 residents); *Impulsaria, LLC v. United Distribution Grp., LLC*, 2012 WL 4341058, at *3 (W.D. Mich. Sept. 20, 2012) ("The district courts in this Circuit have routinely held that the mere maintenance of an interactive, commercial website, accessible from anywhere, without more, cannot constitute purposeful availment.") (collecting cases). When discussing *Zippo*, the Third Circuit concluded "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the

9

world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activities in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Capital Confirmation*, 2009 WL 2823613, at *6 (quoting *Toys R Us, Inc. v. Step Two, SA,* 318 F.3d 446, 454 (3rd Cir. 2003)).

Plaintiff's arguments in this case are similar to those made in *Roberts v. Paulin*, 2007 WL 3203969 (E.D. Mich. Oct. 31, 2007). In that case, the defendant owned a California business and maintained a website in California for that business. The product for sale was not sold in any stores in Michigan, the forum state. However, through the website, the defendant had sold less than $500 worth of products to Michigan residents. *Id.* at *1. The plaintiff argued that because defendant maintained a website that actively solicited sales of the product nationwide and succeeded in making sales in Michigan, the defendant purposely availed herself of the privilege and benefits of doing business in Michigan. The court disagreed because there was no evidence the defendant sent sales agents to Michigan, communicated with Michigan residents, or cultivated a meaningful amount of business in Michigan. *Id.* at 6. In other words, the defendant's website activity did not reveal "specifically intended interaction" with Michigan residents.

10

Contrary to Plaintiff's assertions, this case is not quite like *Neogen*. In *Neogen*, the defendant, NGS, performed diagnostic testing on blood samples from its business in Pennsylvania. NGS advertised through its website, which provided information about its services and allowed prospective customers around the nation to print collection forms to be mailed along with blood samples to NGS in Pittsburgh. 282 F.3d at 886-87. The court characterized this as a passive website because it provided nothing more than information. It was estimated NGS had 14 yearly mail-order transactions with residents of the forum state, Michigan. *Id.* at 887. Although "maintenance of NGS's website, in and of itself, [did] not constitute [] purposeful availment, . . . several aspects of the website" supported a finding of purposeful availment. One aspect was NGS provided customers with passwords to access their test results on the website from the forum state. In this way, the website showed NGS intentionally reaching out to Michigan customers. Another aspect of the website was the fact that NGS held itself out as welcoming business from Michigan—the website stated the company would do genetic screening tests for any parent in any state and included a chart showing data with a geographical breakdown including Michigan. *Id.* at 890-91.

These aspects are not present in this case. While defendants maintain multiple websites and sell products on those sites as well as on eBay and Amazon.com, including to Michigan residents, the similarity stops there. In Mr.

11

Strange's affidavit for Plaintiff, he stated he knew defendants sold and shipped at least three purchases from Michigan customers from eBay and Amazon, and there are likely more sales. (ECF No. 15-1, PageID.239, at ¶ 12). Drawing reasonable inferences in Plaintiff's favor, the undersigned will accept that Defendants have made more than three sales to Michigan residents. These sales alone, however, do not constitute website or online sales activity that is "interactive to a degree that reveals specifically intended interaction with the residents of the state." *Neogen*, *supra*. In *Bird*, *supra*, the number of website sales was a salient fact in finding purposeful availment, but in that case the defendant had made approximately 4,666 sales to residents of the forum state, not a few sales. The court in *Roberts* made a point of noting the defendant had sold "less than $500 worth of products" in the forum state before concluding it did not have personal jurisdiction over the defendant. Here, Defendants aver the majority of sales are to consumers outside Michigan and the majority of sales revenue are attributable to consumers outside Michigan. (ECF No. 11-2, PageID.121, at ¶ 23-24). More than a few sales, without more, does not constitute purposeful availment.

Regarding the automatic insertion of the potential buyer's zip code on eBay, the undersigned cannot infer that this feature exists at the request of either of the defendants, rather than exists as a feature of eBay used for all or many sales pages. But even if eBay provided the feature at the request or permission of the

defendants, the fact that defendants are willing to sell to Michigan residents is not sufficient to establish jurisdiction—this fact does not equate to "specifically intended interactions" with Michigan residents. Additionally, the statement on one of defendants' websites that it seeks to increase revenue by partnering with dealers across North America does not carry the same indicia of purposeful availment as the statement on NGS's website that they do testing for parents in every state and the inclusion of a chart including information on Michigan. The mere fact defendants have dealer partners in North America, without any indication they have such a partner in Michigan, does not establish "specifically intended interaction" with Michigan residents.

Finally, the lack of direct advertisement or soliciting further distinguishes this case from cases in which the court found purposeful availment through internet activity. In *Word Music, LLC v. Priddis Music, Inc.*, 2007 WL 3231835 (M.D. Tenn. Oct. 30, 2007), for example, the defendant not only maintained an interactive website, but also "actively solicit[ed] additional purchases" from customers in the forum state. *Id.* at \*7. Defendants in this case aver they never specifically directed advertisements or sales of goods or services to consumers in Michigan, (ECF No. 11-2, PageID.121, at ¶ 25), and Plaintiff does not allege active solicitation of Michigan sales, but only passive acceptance of Michigan sales.

13

The undersigned concludes Plaintiff has failed to meet its burden of making a *prima facie* showing of jurisdiction.[1] The allegations in the complaint coupled with the affidavits and other evidence do not support finding either of the defendants took any deliberate, specific step to establish a substantial connection with Michigan. "[P]urposeful availment requires 'something more' than the operation of a generally accessible, interactive commercial website reachable from the forum. That is, the plaintiff must sufficiently show that the defendant has taken some sort of 'deliberate' step in order to establish a 'substantial,' meaningful 'connection' with the forum." *Capital Confirmation*, 2009 WL 2823613, at *9. Without this showing, the exercise of personal jurisdiction over the defendants would not comport with due process. Accordingly, the undersigned recommends the Court dismiss the defendants from this case without prejudice for lack of personal jurisdiction.

---

[1] Plaintiff did not provide argument specifically regarding defendant Henry Badaan and purposeful availment; rather, Plaintiff refers to "defendants" throughout that section of the brief. Plaintiff did provide argument specific for Badaan that his actions satisfy Michigan's long-arm statute. That argument, in the main, is Badaan sent an email to Alumagrips to order a copy of a design created by Plaintiff that is unrelated to this lawsuit. (ECF No. 15-1, PageID.240, at ¶ 13). Drawing an inference from the briefing, Alumagrips is located in Michigan; thus, Badaan sent an email to a company in Michigan to order a design. (*See* ECF No. 15, PageID.227). As Plaintiff did not cite to or reiterate this argument in discussing purposeful availment, the undersigned concludes Plaintiff did not intend to rely on these facts to establish Badaan's purposeful availment.

14

Having concluded the Court does not have personal jurisdiction over the defendants, the undersigned will not reach the sufficiency of Plaintiff's complaint and thus need not address the request for judicial notice of documents relevant to the sufficiency of the complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998) (rejecting the approach of assuming jurisdiction for the purpose of deciding the merits because "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception") (internal quotation marks and brackets omitted).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 11) be **GRANTED**, and that the defendants be dismissed from this case without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 21, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge